UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BISRAT GIDEY DERBEW,

Petitioner,

v.

CHRISTOPHER LAROSE, et al.,

Respondents.

Case No.:  26-CV-2803 JAO (DEB)

**ORDER GRANTING IN PART AND DENYING IN PART WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Bisrat Gidey Derbew's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Also before the Court is Respondents Patrick Divver's (Field Office Director of the Immigration and Customs Enforcement, Enforcement and Removal Operations San Diego Field Office), Markwayne Mullin's (Secretary of the U.S. Department of Homeland Security), Todd Lyons's (Acting Director of Immigration Customs Enforcement), Christopher LaRose's (Warden of the Otay Mesa Detention Center), Attorney General of the United States', U.S. Department of Homeland Security's ("DHS"), and Immigration and Customs Enforcement's (collectively, "Respondents" or

1

the "Government") Response to Petition, ECF No. 4, and Petitioner's traverse, ECF No. 5.[1]

For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Petitioner's Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner, a citizen of Ethiopia, has been detained by DHS at the Otay Mesa Detention Center since September 10, 2025 when he entered the United States. *See* ECF No. 1 ¶¶ 1, 3, 15. Petitioner is a member of the Tigray ethnic minority that has been historically persecuted in Ethiopia, which is why he seeks asylum in this country. *Id.* ¶ 15. Immediately upon entry into the country, Petitioner was taken into custody and remains in detention under 8 U.S.C. § 1225(b). *Id.* ¶ 16. After a positive credible fear determination, DHS placed Petitioner into standard removal proceedings, in which Petitioner filed an application for asylum and withholding of removal. *Id.* ¶ 1.

An Immigration Judge ("IJ") denied Petitioner all relief and ordered he be removed to Uganda. *Id.* ¶ 17. Petitioner has appealed the denial to the Board of Immigration Appeals ("BIA"), meaning his order of removal is not administratively final. *Id.* Nonetheless, he has been detained for over eight months and has not been afforded a bond hearing because of the Government's position that people detained pursuant to Section 1225(b) are not entitled to such a hearing. *Id.* ¶¶ 18–19. Petitioner has no criminal history and has community support. *Id.* ¶ 42.

## DISCUSSION

Petitioner argues that prolonged detention without a bond hearing violates due process. *See* ECF No. 1 ¶ 23; *see also* ECF No. 5 at 3. However, instead of requesting a bond hearing, Petitioner contends that release is the appropriate remedy here because IJs

---

[1] Although Petitioner filed his traverse two days late, *see* ECF No. 2, the Court exercises its discretion to consider the merits of the brief. *See e.g.*, *U.S. v. Heller*, 551 F.3d 1108 (9th Cir. 2009).

26-CV-2803 JAO (DEB)

have consistently ruled that they do not have jurisdiction to redetermine the conditions of custody over individuals processed under the expedited removal statute, so such endeavor is futile. *See* ECF No. 1 ¶ 21. Respondents assert that the Court lacks jurisdiction and that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1)(B)(ii).

**A.    Jurisdiction**

The Court has long had jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C § 2241(c)(3); *see* Judiciary Act of 1789, ch. 20, 1 Stat. 73, 81–82. Yet the Respondents argue that the Court lacks jurisdiction over this petition under 8 U.S.C. § 1252(g) because the claim arises from the Government's decision to commence proceedings. *See* ECF No. 4 at 4. Although Petitioner does not reply to Respondents' jurisdiction argument, the Court has jurisdiction here.

The Supreme Court has consistently rejected "the Government's suggestion that § 1252(g) covers 'all claims arising from deportation proceedings' or imposes 'a general jurisdictional limitation.'" *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (quoting *Reno v. Am.-Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999)). The Ninth Circuit has "limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders." *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018). Thus, for claims challenging ancillary or collateral issues arising independently from the removal process—such as a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

Here, Petitioner is not challenging his removal, the execution of a removal order, or a discretionary decision by the Attorney General. Rather, Petitioner solely challenges the *constitutionality* of his detention, which other courts—including those in this

district—routinely conclude provides jurisdiction to district courts. *See Nielsen v. Preap*, 586 U.S. 392, 401–02 (2019) (maintaining jurisdiction on appeal following district court decisions to review legal challenge to decision to deny bond hearings); *see also, e.g.*, *Huynh v. Noem*, 2026 WL 35973, at *1 (S.D. Cal. Jan. 6, 2026); *Tran v. Noem*, 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025); *Sanchez v. LaRose*, 2025 WL 2770629, at *2 (S.D. Cal. Sept. 26, 2025). The Court therefore adopts the reasoning of these other decisions and finds that it has jurisdiction to review the petition.

**B. Merits**

### 1. Due Process Rights

"[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). "Civil immigration detention is permissible only to prevent flight or protect against danger to the community[.]" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government.").

Petitioner argues that his due process rights have been violated based on his eight-month detention without a bond hearing. *See* ECF No. 1 ¶ 40. Respondents contend that arriving noncitizens under Section 1225(b)(1) do not have a due process right to release or a bond hearing based on the detention's duration. *See* ECF No. 4 at 6–8 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953); *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020)). However, many courts—including this one—disagree.

Indeed, "[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (collecting cases); *see also Maksin v. Warden, Golden State Annex*, 2025 WL 2879328, at *3 (E.D. Cal. Oct. 9, 2025) (collecting cases). This holds true for those detained under Section 1225, such as Petitioner. *See Gao v. LaRose*, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025) (agreeing with "the majority position that a petitioner detained under Section 1225(b)(1) may assert a due process challenge to prolonged mandatory detention without a bond hearing"); *see also Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020).

Thus, the Court must determine whether Petitioner's detention is so prolonged as to violate due process. "Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (citation omitted). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

As stated, Petitioner has been detained for more than eight months without any bond hearing. Courts have determined that similarly long periods of detention without a bond hearing support a finding of unreasonableness. *See, e.g.*, *Zadvydas,* 533 U.S. at 701, 121 S.Ct. 2491 (treating six months as a "presumptively reasonable period of detention" in a related context); *Amado*, 2025 WL 3079052, at *5 (noting that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable"). As such, the length of his detention weighs in Petitioner's favor.

26-CV-2803 JAO (DEB)

As to the likely duration of future detention, Petitioner's appeal to the BIA may take "anywhere from 6 months to a year for adjudication[,]" ECF No. 1 ¶ 17, and could then be followed by a petition for review to the Ninth Circuit.  This process could last years and, thus, the likely duration of future detention weighs in favor of Petitioner.  *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019); *Amado*, 2025 WL 3079052, at *5.

Regarding any delay in removal proceedings, the record does not demonstrate delay by either side.  *See* ECF No. 1 ¶ 39 ("There were no delays in his case that can be attributed to Mr. Derbew."); *see* ECF No. 4 at 9 (not disputing Petitioner's assertion and no indication the government has caused delay).  Balancing these factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, his due process rights have been violated.

**2.      Appropriate Relief**

While the Court agrees that Petitioner's prolonged detention triggers due process concerns, Petitioner has not shown that release is the appropriate recourse.  Generally, courts in this district have favored ordering a bond hearing over immediate release.  *See e.g.*, *Singh v. LaRose*, 2026 WL 684654, at *4 (S.D. Cal. Mar. 10, 2026) (denying release because "[i]f past history is any guide, the Respondents have shown the [utmost] respect for this Court's [orders for bond hearings] and has timely followed them thereby enabling the mutual respect of the Court.").  Indeed, Petitioner's traverse heavily relied on the legal analysis in *Gao* to support his due process arguments, but there, the court denied the petitioner's request for release and instead ordered an individualized bond hearing.  *See* 805 F. Supp. 3d at 1112.  Therefore, the Court concludes Petitioner is only entitled to a bond hearing at this time.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** in part and **DENIES** in part Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).  The remedy of release without bond is **DENIED** without prejudice.  Instead, the Court **ORDERS** Respondents

26-CV-2803 JAO (DEB)

to provide Petitioner with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released.  If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody.  The Parties **SHALL** file a Joint Status Report by June 12, 2026, informing the Court of the outcome of the hearing.

**IT IS SO ORDERED.**

Dated:  May 22, 2026



Jill A. Otake
United States District Judge

26-CV-2803 JAO (DEB)